IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61395

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

  Plaintiff,

v.

BITTENCOURT PROPERTY LLC d/b/a FLORIDA
LUXURY CONCIERGE SERVICES,

  Defendant.

_____

# COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendant Bittencourt Property LLC d/b/a Florida Luxury Concierge Services ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 3320 NW 53rd Street, Suite 205, Fort Lauderdale, FL 33309. Defendant's agent for service of process is CSG - Capital Services Group Inc., 1191 E Newport Center Drive, Suite 103, Deerfield Beach, FL 33442.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259–60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.   Plaintiff's Business and History

6. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

7. Mr. Stevens is employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

8. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

9. Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over

280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

10. Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

12. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights reserved" to the bottom left corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

**II.    The Work at Issue in this Lawsuit**

13. In 2020, Plaintiff created a professional photograph titled "377 Eagle Dr_072" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom left corner) Plaintiff's copyright management information as follows: "©AAP 2020 all rights reserved." A copy of the Work is displayed below:



14. The Work was registered by Plaintiff with the Register of Copyrights on February 1, 2021 and was assigned Registration No. VA 2-241-085. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

15. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

16. Defendant offers "[e]xpert, personalized luxury property management services", and provides "[u]nmatched pro-active repairs, maintenance, remodeling, and other key services (…)".

17. Defendant advertises/markets its business through its website (https://www.bittencourtproperty.com/), social media (e.g.

https://www.facebook.com/BittencourtProperty and https://www.instagram.com/bittencourtluxury/), and other forms of advertising.

18. On May 8, 2022 (after Plaintiff's above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://www.facebook.com/BittencourtProperty/photos/pb.100063340861075.-2207520000./5785275488154876/?type=3):



19. A true and correct copy of screenshot of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

20. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work, even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendant on notice that the Work was not intended for public use.

21. Defendant utilized the Work for commercial use.

22. Upon information and belief, Defendant located a copy of the Work on the Internet

(with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for Defendant's own commercial use.

23. Through its ongoing diligent efforts to identify unauthorized use of its photograph, Plaintiff discovered Defendant's unauthorized use/display of the Work in May 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

24. All conditions precedent to this action have been performed or waived.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

27. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct,

vicarious, and/or contributory.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2012 - 2023 Bittencourt Property, LLC - All rights reserved"), indicating that Defendant understands the importance of copyright protection and intellectual property rights. Defendant clearly understands that high-end photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: August 2, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
lauren@copycatlegal.com
dan@copycatlegal.com

By: /s/ Lauren Hausman__
Lauren Hausman, Esq.
Florida Bar No.: 1035947
Daniel DeSouza, Esq.
Florida Bar No.: 19291